IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLE MARIE SMITH <br> 4921 Braddock Road <br> Temple Hills, MD 20748 <br><br> Plaintiff, <br><br> v. <br><br> PARAGON SYSTEMS, INC. <br> 13900 Lincoln Park Dr., #300 <br> Herndon, VA  20171 <br><br> SERVE ON: <br> National Registered Agents, Inc. <br> 1090 Vermont Ave. NW <br> Washington, DC 20006 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION No. <br><br> **JURY TRIAL DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Nicole Marie Smith ("Plaintiff" or "Ms. Smith"), by and through her undersigned counsel, files this Complaint against Paragon Systems ("Defendant" or "PARAGON"), and alleges as follows:

## INTRODUCTION

1. Ms. Smith, an African American female, is a dedicated and long-serving Security Officer and Security Professional. While employed with PARAGON in Washington, D.C., Ms. Smith endured a hostile work environment, and was subjected to discrimination and disparate treatment based on her sex (female) by superiors including her direct supervisor, Captain Moore. Furthermore, when Ms. Smith registered a complaint in reference to the hostile work environment described *supra*, she was retaliated against for engaging in protected EEO activity.

2. Despite Ms. Smith's efforts to work with PARAGON leadership to expose and

1

eliminate disparate treatment, PARAGON disregarded Ms. Smith's repeated overtures. As a result, the harassment and disparate and retaliatory treatment directed towards Ms. Smith, who remains employed with PARAGON, continues to date.

3. Further, when Ms. Smith began speaking out about the disparate treatment based on her sex at PARAGON, her superiors retaliated against Ms. Smith for engaging in protected EEO activity by, *inter alia*, denying requested sick time, giving less favorable duty assignments (causing Ms. Smith to lose seniority), excluding her from important business communications, and assigning her tasks with unreasonable and unrealistic deadlines (and that were never assigned to similarly situated male employees).

4. On February 7, 2020, after having her complaints ignored and continuing to suffer discriminatory treatment from Captain Moore, without any request from Ms. Smith and despite there being no issues with the quality of her work, Ms. Smith was transferred to another site, causing her to lose seniority and ultimately miss out on greater pay and other benefits that seniority would have entitled her.

5. This lawsuit seeks to redress the harm Ms. Smith endured, to force an end to the discriminatory and disparate treatment towards female Security Officers at PARAGON, and to ensure that no other female Security Officers are forced to endure this type of behavior at PARAGON or any other employer.

**PARTIES**

6. Plaintiff Nicole Marie Smith is an African American female currently residing in the State of Maryland. At all times relevant to this Complaint, Ms. Smith worked in Washington D.C. and was employed by PARAGON in Washington D.C.

7. Defendant PARAGON is a personal security company with its principal offices

located in Herndon, Virginia.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over all Counts pursuant to 28 U.S.C. §1331 and §1343, as these claims arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

9. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the District of Columbia. Venue is proper as PARAGON maintains offices in the District, conducts business in the District, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in the District, the alleged unlawful employment practices were committed in the District, and employment records relevant to those practices are maintained and administered in the District.

## INVOCATION OF ADMINISTRATIVE REMEDIES

10. Ms. Smith timely filed a charge with the District of Columbia Office of Human Rights ("OHR") which was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

11. This Complaint is filed within ninety (90) days of the date of receipt of the Notice of Right to Sue. A copy of said Notice of said right to sue is filed herewith and incorporated herein as Exhibit A.

## FACTUAL ALLEGATIONS

12. Since she began work at PARAGON, Ms. Smith, an African American woman employed by PARAGON, has been subjected to disparate treatment, retaliation, denial of rights to the same privileges and benefits given to her male colleagues, and the undermining of her efforts to excel at her job.

13. Ms. Smith began her tenure with PARAGON on September 1, 2013, with high hopes and expectations that she could work and make significant changes in the organization. Despite those high hopes, from day one Ms. Smith received no support for her efforts, and instead faced disparate treatment, as well as retaliation from management when she complained of such treatment.

14. The majority of the discriminatory treatment that Ms. Smith faced came from Captain Moore, her direct Supervisor at PARAGON. Upon information and belief, Captain Moore has worked in the industry for many years. Despite his years of service in the industry, Captain Moore has a history of treating his male staff members more favorably than his female staff members.

15. Captain Moore's inappropriate and discriminatory conduct began in or around January 2020. Ms. Smith presented a valid doctor's note to Captain Moore, however he insisted that had to verify the authenticity of the doctor's note. As a result of this, Ms. Smith was not able to work for nearly two weeks. Captain Moore has never requested to verify the authenticity of any of his male staff members' doctor's notes.

16. From January 2020 to November 2020, Ms. Smith frequently made requests to work extra hours. On each such occasion, Captain Moore immediately denied Ms. Smith's request. However, when one of her male colleagues would make a request to work extra hours (many times on the same days as Ms. Smith's requests), Captain Moore would immediately grant the request.

17. Other instances involved management's denial to Ms. Smith of basic benefits accorded to other employees. Ms. Smith requested sick days for her health or for other compelling reasons, but she was denied her requests, while male employees were routinely granted such privileges.

18. When Ms. Smith asked for leave, Captain Moore unfairly accused her of taking too many days off, while male employees were given liberal leave.

19. From September 2020 to November 2020, when Ms. Smith's scheduled Relief Officer would arrive to relieve Ms. Smith from duty at the end of her workday, Captain Moore would assign the Relief Officer to relieve another (male) officer. This extended the time that Ms. Smith would need to work without notice. Captain Moore did not treat his male staff members in any similar manner.

20. On or around November 18, 2020, Ms. Smith was placed on a 3-day suspension for having her cell phone out while it was charging. However, another male officer was regularly observed to use his cell phone openly in the presence of Captain Moore, and was never similarly disciplined.

21. On several occasions from January 2020 to November 2020, Ms. Smith filed internal complaints of discrimination against Captain Moore. Ms. Smith asserted that she felt "singled out and harassed due to her sex (female)." She expressed this to her Union Representatives, Human Resources, and the Corporate offices at PARAGON. Captain Moore was aware of these concerns and complaints being raised by Ms. Smith, as he was often included on the phone calls when Ms. Smith voiced her concerns.

22. As stated, on or around January 2020, Captain Moore denied Ms. Smith's ability to work until he verified the authenticity of Ms. Smith's doctor's note. As a result, Ms. Smith lost two weeks of pay. Ms. Smith has never been disciplined for, or had any issues with, work attendance. Captain Moore has never verified the authenticity of any male staff members' doctor's notes. Captain Moore took these actions to retaliate against Ms. Smith for protected activity she engaged in against Captain Moore.

23. On February 7, 2020, Captain Moore transferred Ms. Smith to another job site without her request or prior bid. This is disparate treatment as Ms. Smith lost seniority and had to

retrain during her reassignment. These actions were taken by Captain Moore in retaliation against Ms. Smith for raising complaints against his discriminatory behavior.

24. On November 27, 2020, Captain Moore took further retaliatory action against Ms. Smith when he alleged that Ms. Smith had provided false information regarding leave that she had taken, and thereafter suspended her from working. Ms. Smith vehemently denied the allegations but was still suspended from December 4, 2020 to January 2, 2021.

## **CLAIMS FOR RELIEF**

### COUNT I
**Disparate Treatment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*.**

25. Ms. Smith incorporates the proceeding paragraphs as alleged above.

26. In every aspect of her employment, Ms. Smith received less favorable treatment than her coworkers due to her sex.

27. Ms. Smith was hired by PARAGON in 2013, and prior to the events in this complaint, never had any work-related discipline while at PARAGON (no write-ups, etc.).

28. Captain Moore treated all his male employees more favorably than Ms. Smith in every aspect as detailed *supra*.

29. Ms. Smith was subjected to inappropriate and discriminatory treatment by Captain Moore, as detailed *supra*, solely because she was female and engaged in protected activity.

### COUNT II
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*.**

30. Ms. Smith incorporates the proceeding paragraphs as alleged above.

31. In violation of Title VII, PARAGON discriminated against Ms. Smith because she engaged in protected EEO activity. Ms. Smith engaged in protected activities including, but not

limited to, requesting EEO mediations, filing internal complaints, and expressing her concerns regarding disparate treatment with her Union Representatives.

32. As a result of Ms. Smith's engagement in protected activities, PARAGON took adverse action against her, including, but not limited to, the following: forcing Ms. Smith to perform additional work duties, denial of promotions and pay raises, exclusion from important meetings, and ultimately transferring her to a different job site, causing her to lose seniority and pay.

33. PARAGON unlawfully retaliated against Ms. Smith in violation of Title VII by taking materially adverse employment action against her in response to protected activity.

34. As a result of PARAGON's discriminatory and retaliatory actions, Ms. Smith has suffered economic loss, humiliation, embarrassment, psychological and emotional harm, severe emotional and psychological distress, and damage to her career.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the actions described in the Complaint have created disparate treatment and retaliation in violation of the law;

B. Award Plaintiff actual, compensatory damages in an amount to be proven at trial, for a sum in excess of $100,000.00;

C. Award Plaintiff punitive damages;

D. Award Plaintiff all reasonable attorneys' fees and cost; and

E. Award any other relief this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all Counts of the Complaint.

Dated: August 6, 2022                    /s/ Brian S. Jablon
                                                       Brian S. Jablon, Bar ID 417225
                                                       WELLENS & JABLON
                                                       540 B&A Boulevard, Suite 2
                                                       Severna Park, Maryland 21146
                                                       Tel:    (410) 647-1493
                                                       Fax:   (410) 647-1496
                                                       bjablon@wellenslaw.com

                                                       *Counsel for Plaintiff*